DONALD F. LITTWIN *et al.,* Plaintiffs-Appellees, v. ARTHUR K. LITTWIN *et al.,* Defendants-Appellants.

First District (5th Division)   Nos. 85—0456, 85—0716 cons.

Opinion filed August 1, 1986.—Rehearing denied October 31, 1986.

DeWolfe, Poynton & Stevens, of Chicago (John C. DeWolfe, Jr., Richard James Stevens, and George F. DeWolfe, of counsel), for appellants.

Charles L. Michod, of Chicago, for appellee, *pro se.*

JUSTICE LORENZ delivered the opinion of the court:

Electro-Matic Products Company and Margaret C. Littwin, as executor of the estate of Arthur K. Littwin, appeal from an order of the circuit court of Cook County finding that Arthur's estate was not entitled to certain trust income accruing after Arthur's death. The circuit court found that this issue had been resolved in a prior arbitration award which had been confirmed by the court without any subsequent appeal. The appellants contend that the arbitration award did not determine this issue and that the trust agreement should be construed to grant trust income to Arthur's estate until the termination of the trust.

We find no determination of the issue in the arbitration award. But we find that under applicable trust-construction principles Arthur's estate was not entitled to trust income. Accordingly, we affirm the judgment of the circuit court.

The trust agreement at issue was executed January 2, 1951, by Leo F. Littwin, his sons Robert and Arthur, and Thomas G. McBride. The corpus of the trust consisted of certain patents held by Leo and shares of stock in Electro-Matic Products Company owned by Robert, Arthur, and Donald. That same day Robert, Arthur and Thomas G. McBride, as trustees of the trust, entered into a license agreement with Electro-Matic for the manufacture and sale of the patented items. The company was to pay royalties to the trust.

Paragraph 20 of the trust agreement provides that net trust income is to be paid annually to Leo, Robert, Arthur, and Donald (Leo's other son). Paragraph 21 provides that the trust shall terminate upon the death of the last survivor of Robert, Arthur, and Donald. The trustees are then instructed, after deducting expenses and reasonable compensation, to pay over the accumulated trust estate and all the undistributed net income to the heirs at law of Robert, Arthur and Donald in the manner and proportion "appointed" by their wills. In the absence of such "appointment," distribution is to be made to the then-living lawful heirs of Robert, Arthur, and Donald, per stirpes, or in default of such heirs, then to those who would have been their heirs at law had they died on the termination date of the trust.

In 1973 Robert withdrew as a beneficiary of the trust. In 1982 the circuit court confirmed an arbitration award settling certain disputes

that had arisen between Leo and Donald on the one hand and Arthur and Electro-Matic on the other. No appeal was taken from that judgment of confirmation. Charles Michod, one of the arbitrators, was subsequently designated as the sole successor trustee.

On April 23, 1983, Arthur Littwin died and Margaret Littwin was appointed as the acting executor of his estate. Leo died on February 22, 1984.

On August 12, 1985, Charles Michod, acting as trustee, petitioned the circuit court for instructions on how accumulated net trust income should be distributed. In the petition Michod contended that pursuant to the arbitration award Donald, as the sole living beneficiary of the trust, should be paid all net trust income (except for certain annual net payments due Leo's estate because they were not paid to him during his lifetime).

Margaret Littwin, as executor of Arthur's estate, had previously commenced a citation proceeding against the trustee for recovery of trust income allegedly due the estate. However it would appear from the record that the citation claim has been held in abeyance pending the final disposition of the executor's petition for instructions.

Appellees Donald Littwin and Charles L. Michod contend that the circuit court correctly found that the arbitration award had determined the issue of the disposition of trust income after Arthur's death and prior to the termination of the trust. We find no such determination in the award.

Appellees rely on the arbitrator's determination of two issues. One issue was whether Donald and/or Robert qualified as beneficiaries or trustees when no longer associated with the business of Electro-Matic as shareholders and employees. The arbitrators found, *inter alia*:

> "Robert has removed himself and his heirs as beneficiaries. Donald is a beneficiary and is entitled to income distribution during his life; his heirs are entitled to one-half of the corpus on termination of the Trust, according to his will, or absent a will, in equal shares, per stirpes."

The other determined issue found pertinent by appellees was the issue of the respective interests of the parties in the trust corpus. The arbitrators found:

> "Leo, Arthur, and Donald are entitled to the annual net income in accordance with the payment formula in paragraph 20 of the Trust Agreement with Robert excluded from the formula. Upon the death of the survivor of Leo, Arthur and Donald, the corpus of the Trust and any undistributed income

shall be paid one-half to Arthur's heirs, by will, or absent a
will, in equal shares, per stirpes, and one-half to Donald's heirs,
by will, or absent a will, in equal shares, per stirpes."

Manifestly, neither of these determinations resolved the issue before
us. Nor does the trust agreement itself specify the disposition to be
made of trust income after the death of a beneficiary but before ter-
mination of the time. As we have noted, paragraph 20 of the trust
agreement provides for annual payments of net income to Leo,
Robert, Arthur, and Donald. It also provided for termination of the
trust upon the death of the last survivor of them. But it does not
specify what is to be done with deceased beneficiaries' share of trust
income prior to termination of the trust. Thus the circuit court erred
in finding that the arbitration award settled this issue.

Despite this determination we find no basis for overturning the
circuit court's order that all trust income should be paid to Donald as
the sole surviving beneficiary. The law governing this situation is well
stated in Scott on Trusts:

"Where by the terms of the trust the income is payable to
two or more beneficiaries for life, and it is provided that on the
death of the survivor of the life beneficiaries, or on the happen-
ing of some other event, the trust shall terminate, and the prin-
cipal shall be distributed among designated persons, but there
is no express provision as to the disposition of the income pay-
able to a life beneficiary in the event of his death prior to the
time fixed for the termination of the trust, the question arises
what disposition should be made of such income. The answer
ultimately depends upon the manifestation of intention of the
settlor. Four possible dispositions might be made of the share
of the income of the deceased beneficiary: (1) it might be paid
to the surviving life beneficiaries; (2) it might be paid to the es-
tate of the deceased beneficiary; (3) it might be paid to the es-
tate of the settlor as property not disposed of by his will; (4) it
might be accumulated and on the termination of the trust paid
to the persons entitled to the principal of the trust estate.

Where the income is payable to two or more beneficiaries
with a gift over of the principal on the death of the survivor of
them, the trust instrument is generally construed as manifest-
ing an intention of the settlor that on the death of any benefi-
ciary the income is to be paid to the others, until the time for
the termination of the trust arrives on the death of the last
surviving beneficiary." 2 Scott, Law of Trusts sec. 143, at 1097
(3d ed. 1967) (citing, *inter alia, Kiesling v. White* (1952), 416

Ill. 493, 104 N.E.2d 291); accord, Restatement (Second) of Trusts sec. 143(2) (1959).

The preamble to the trust agreement before us, as appellees note, provides that the parties desired:

"(a) That the efforts and developments of Leo F. Littwin and his sons in the electrical and electronic field be preserved for the common good of each of them;

(b) That there be a continued and uninterrupted association between the parties hereto or the survivors of them in the business in which they are associated together."

This intent was reinforced by a provision in paragraph 20 of the agreement that a default in this undertaking by any of the parties would bar them from further distributions from the trust. The arbitration award found that Donald had been involuntarily terminated from Electro-Matic by Arthur in 1978 despite Donald's continuing desire to be associated with the company. The arbitrator also found that it would be "grossly inequitable" to use this termination to bar Donald as a beneficiary of the trust.

All of these circumstances tend to establish that it was the intent of the parties to the trust that surviving beneficiaries would receive the trust income until the termination of the trust. Thus Donald, as sole surviving beneficiary, and as one who, by determination of the arbitrators, had not voluntarily disassociated himself from the family business, was entitled to all of the trust income. *Glaser v. Chicago Title & Trust Co.* (1946), 393 Ill. 447, 66 N.E.2d 410, cited by appellants, is inapposite. In that case the court cited the same general rule of construction concerning intent that we have cited, but found no clear statement of intent in a will, and therefore held that the property at issue should go to the testator's heirs as property not disposed of by will.

For the reasons set forth in this opinion we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.